Tilghman C. J.
By the act of 25th September, 1786, this Court was invested with original jurisdiction in the city and county of Philadelphia, in all manner of suits, causes, and actions ; but if any plaintiff who commenced his suit here did not recover more than 50 pounds, he was not allowed any costs. Thus the matter stood until the 24th February, 1806, when an act was passed, by the 19th section of which, all original jurisdiction in civil actions was taken away; and by the 29th section all former acts, so far as they were inconsistent with that act, and no further, were repealed. I take it, that by virtue of this act of 24th February, 1806, that part of the act of 25th September, 1786, which related to costs in suits commenced in this Court, was repealed; for where no suits could be commenced, there could be no costs. After this came the act of 20th March, 1810, by which the original jurisdiction of this Court, in the city and county of Philadelphia, was restored in all civil actions, wherein the matter in controversy is of the value of 500 dollars or upwards; but there is no restriction as to costs. It follows, therefore, that in all cases where the Court has jurisdiction, costs are of course.
The act of September, 1786, discouraged the bringing of suits for small matters, by refusing costs where not more than 50 pounds was recovered. The act of March, 1810, did the same thing in a different, but more effectual way; that is to *80 say, by denying any jurisdiction in cases where the value of the matter in controversy was not at least 500 dollars. I think it clear, therefore, that the plaintiffs are entitled to costs, in case, although they recovered less than 50 pounds.
But in the course of the argument, another point was raised which goes to the jurisdiction of the Court as to the count for money had and received; because the amount of the premium, which was in controversy on that count, was less than 500 dollars, without laying down any general rule for the governmentof all cases. Wherein different causes of action are joined in the same suit, I shall consider only the case before the Court. Although a demand for a total loss is different from a demand for a return of premium, yet they both arise from the same transaction. It is often extremely difficult for the assured to know, whether he shall be able to make good his claim for a loss, and it is very convenient to both parties, that all matters in controversy, touching the same insurance, should be tried in one action. The insurer has no reason to complain ; because if he thinks the policy void, he may bring the premium into Court, and then as to costs the plaintiff must proceed at his peril. It appears to me, that all disputes arising out of the same policy of insurance, may be fairly considered as the matter in controversy between the parties ; although they may afford ground for several actions. When therefore the plaintiff thinks proper to join them in one action, he should be encouraged in so doing, because it prevents multiplicity of suits. I am of opinion, that in the present case, the matters contained in the several counts, are within the meaning of the act of assembly, the matter in controversy in this suit, and as they amount to more than 500 dollars, they are within the jurisdiction of the Court. Judgment should, therefore, be entered for the plaintiffs, with costs.
Rule discharged, and judgment for the plaintiffs, with costs.